Joseph J. BODNAR, Appellant,

v.

UNITED STATES of America, Appellee.

No. 13185.

United States Court of Appeals Sixth Circuit.

Oct. 18, 1957.

482

Frank E. Steel (of Steel & Finley), Akron, Ohio, for appellant.

Russell E. Ake, Asst. U. S. Atty., Cleveland, Ohio, Sumner Canary, U. S. Atty., Cleveland, Ohio, G. W. Morrison, Asst. U. S. Atty., Cleveland, Ohio, on brief, for appellee.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

## PER CURIAM.

In a trial without a jury the appellant was found guilty on two counts of an indictment charging wilful evasion of income taxes for the years 1950 and 1951 and received a sentence of one year on each count to be served concurrently.

The Government contended that the appellant received cash payments from a company to which he sold corrugated waste paper, which he did not report in his income tax returns for the years in question.

The Government introduced in evidence certain cancelled checks of the company which made the purchases drawn to cash, which did not have the endorsement of the appellant thereon, together with its check stubs for the checks in question. The check stubs bore notations stating that all of a certain portion of the proceeds was paid to the appellant, which amount in turn was transcribed in the cash disbursement journal, also introduced in evidence. It also introduced the company's settlement sheets which tabulated and totaled the weight and amount to be paid therefor of separate deliveries by the appellant. The checks and check stubs were prepared as a result of these settlement sheets. In some instances the settlement sheet carried a notation of the date of payment and the number of the check. There was uncontradicted testimony that the appellant asked that he be paid in cash and that in some instances the amount called for by the settlement sheet was paid in cash to appellant's driver. Some checks were payable to appellant and bore appellant's name as an endorsement. Appellant, however, did not concede that it was his signature. An agent of the Internal Revenue Service testified that he examined the books of the appellant at his place of business and with his consent, and introduced schedules prepared from the information so obtained showing that the cash payments referred to did not appear in the record books of the appellant and were not included in his recorded and reported income.

Appellant contends that the checks were improperly received in evidence in that they were payable to cash and did not bear his endorsement. Considered apart from the other evidence the contention would have merit. But when tied in with the check stubs, cash disbursement journal and settlement sheets, they become a material link in the chain of circumstances and in our opinion were relevant to the issue.

These various exhibits were admissible in evidence as records made in the regular course of business under Section 1732, Title 28, U.S.Code: Landay v. United States, 6 Cir., 108 F.2d 698, 704; United States v. Brewster, 2 Cir., 231 F.2d 213; United States v. Potson, 7 Cir., 171 F.2d 495, 499; United States v. Leathers, 2 Cir., 135 F.2d 507, 510. Appellant's contention that he should not be bound by notations on the check stubs made by a

third party concerns the weight of the evidence. The statute provides that such circumstances may be shown to affect its weight but shall not affect its admissibility.

Appellant's contention that the schedules of the Internal Revenue Agent were erroneously received in evidence because they were based on exhibits which were not in evidence is also rejected. Lisansky v. United States, 4 Cir., 31 F.2d 846, 850; Paschen v. United States, 7 Cir., 70 F.2d 491, 501; McKnight v. United States, 6 Cir., 115 F. 972, 981. See United States v. Mortimer, 2 Cir., 118 F.2d 266, 269.

We are of the opinion that the judgment is fully supported by the evidence, and it is accordingly affirmed.